UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PLAZA HOME MORTGAGE, INC.,

Plaintiff,

v.

6:25-CV-0249
(GTS/ML)

DEVIN J. LEON; and JOHN DOE #1 THROUGH JOHN DOE #12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

---

APPEARANCES: OF COUNSEL:

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
Counsel for Plaintiff
900 Merchants Concourse
Westbury, NY 11590

ANTHONY CELLUCCI, ESQ.
ERIC S. SHEIDLOWER, ESQ.
SARA Z. BORISKIN, ESQ.

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this real property foreclosure action filed by Plaza Home Mortgage, Inc. ("Plaintiff") against Devin J. Leon and John Doe #1 through John Doe #12 ("Defendants"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 21.) For the reasons stated below, the Court denies Plaintiff's motion without prejudice to renewal.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint seeks a judgment of foreclosure related to Defendant Leon's default on a Note and Mortgage securing the relevant property. (Dkt. No. 1.) Specifically, the Complaint alleges the following: (1) on July 19, 2022, Defendant Leon executed a note and mortgage on the relevant property in the amount of $76,086.00, and that mortgage was recorded on July 20, 2022 in Herkimer County, New York; (2) Plaintiff is the owner and holder of the note and mortgage or has been delegated the authority to institute a mortgage foreclosure by the owner and holder of the note and mortgage; (3) Defendant Leon failed to comply with the terms and provisions of the mortgage in that he failed to make the required monthly payment due on June 1, 2024; (4) Plaintiff complied with all contractual conditions precedent including service of a 30-day notice to cure and also complied with N.Y. Real Prop. Acts ("RPAPL") L. §§ 1304 and 1306 in providing the required notices and proof of filing statement; (5) Defendant Leon has failed to cure his default on the mortgage terms; and (6) the unpaid principle amount due under the note is $74,413.16. (*Id.*)

**B. Plaintiff's Service of the Complaint and Defendants' Failure to Answer**

Plaintiff filed the Complaint on February 25, 2025, and service of that Complaint was effected on Defendant Leon on March 7, 2025. (Dkt. Nos. 1, 3.) As of the date of this Decision and Order, Defendant Leon has not filed an Answer to that Complaint. (*See generally* Docket Sheet.)

**C. Clerk's Office's Entry of Default and Defendants' Non-Appearance**

On May 19, 2025, Plaintiff filed a request for entry of default against Defendant Leon. (Dkt. No. 9.) On that same day, the Clerk of the Court entered default. (Dkt. No. 10.) As of the

date of this Decision and Order, Defendant Leon has not appeared or attempted to cure the entry of default. (*See generally* Docket Sheet.)

**D. Subsequent Activity**

Following the entry of default, Plaintiff filed a status report on July 31, 2025, indicating that Plaintiff and Defendant Leon had entered a trial payment plan in an effort to settle this action, which would require Defendant Leon to make monthly payments of $816.36 on August 1, 2025, September 1, 2025, and October 1, 2025, as well "clear up the outstanding title issue." (Dkt. No. 14.) A subsequent status report on September 5, 2025, documents that Defendant Leon made the August payment pursuant to the plan. (Dkt. No. 16.) On October 29, 2025, Plaintiffs represented in another status report that, although Defendant Leon had made his trial payments, he had not resolved the outstanding title issue; his loan modification was therefore denied and Plaintiff expressed its intention to proceed with a motion for default judgment. (Dkt. No. 19.)

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed.

R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable

disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a). The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a). N.D.N.Y. L.R. 55.2(b).

## III. ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment on this motion, the Court answers that question in the negative for the following reasons.[1]

### A. Liability

In order to prevail on a mortgage foreclosure action under New York law, "a lender must establish the following common law elements: '(1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.'" *Adm'r of U.S. Small Bus. Admin. v. Hofmann*, 25-CV-

---

[1] The Court notes that, as part of its motion, Plaintiff seeks to dismiss the lawsuit against John Does. The Court grants this unopposed request for the reasons stated therein.

1568, 2026 WL 2123221, at *3 (N.D.N.Y. July 23, 2026) (Nardacci, J.) (quoting *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 [2d Cir. 2012]). The lender must also establish that it was the holder or assignee of the note at the time the action was commenced. *Hofmann*, 2026 WL 2123221, at *3 (quoting *Blue Castle (Cayman) Ltd. v. Scherer*, 24-CV-0220, 2025 WL 625150, at *3 [N.D.N.Y. Feb. 26, 2025] [Coombe, J.]).

In addition to the above, a plaintiff must also show that it complied with the substantive statutory requirements outlined in Article 13 of the RPAPL and N.Y. C.P.L.R. § 6511:

> (a) the service of statutory notice (entitled, "Help for Homeowners in Foreclosure") by the foreclosing party on the mortgagor with the summons and complaint before the commencement of the foreclosure action (Section 1303)[;], (b) the service of a second statutory notice (entitled, "You May Be At Risk of Foreclosure") by the mortgage loan servicer on the borrower at least 90 days before the commencement of a legal action (Section 1304)[;], (c) the filing of certain information by the lender with the Superintendent of the New York State Department of Financial Services within three (3) days of mailing the second statutory notice (Section 1306)[;] and (d) the filing of a notice of pendency of the action (specifying, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording) by the plaintiff in the clerk's office of each county where the mortgaged property is situated at least twenty (20) days before a final judgment directing a sale is rendered, along with a copy of the complaint unless the complaint has already been filed in that county (Section 1331 and N.Y. C.P.L.R. § 6511).

*West Coast Servicing, Inc. v. Giammichele*, 19-CV-1193, 2022 WL 391424, at *5 (N.D.N.Y. Feb. 9, 2022) (Suddaby, C.J.); *accord U.S. Bank Trust, N.A. v. Valade*, 17-CV-0173, 2020 WL 6196150, at *6 (N.D.N.Y. Oct. 22, 2020) (Suddaby, C.J.).

Courts have further recognized a requirement to comply with Sections 1302(1) and 1320, which require that (a) as to Section 1302(1), "[a]ny complaint served in a proceeding initiated on a residential mortgage covering a one to four family dwelling … must contain an affirmative

allegation that at the time the proceeding is commenced" the plaintiff "is the owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage," and that it "has complied with all the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, … and section thirteen hundred four of this article for all residential mortgage loans covering a one to four family dwelling; and (b) as to Section 1320, "[i]n an action to foreclose a mortgage on a residential property containing not more than three units, … the summons shall contain a notice in boldface" in the enumerated form which includes the warning "YOU ARE IN DANGER OF LOSING YOUR HOME." *See e.g. Hofmann*, 2026 WL 2123221, at *3; *PHH Mortgage Corp. v. Wilson*, 25-CV-0876, 2026 WL 1694482, at *3 (N.D.N.Y. June 11, 2026) (Coombe, J.); *Avail 1 LLC v. Lemme*, 23-CV-1527, 2026 WL 1470312, at *1 (N.D.N.Y. May 26, 2026) (Sannes, C.J.).

As discussed above in Part I of this Decision and Order, Plaintiff has alleged that it is the owner or assignee of the note and mortgage executed by Defendant Leon related to the relevant property and that Defendant Leon defaulted on his obligations under the note and mortgage. These allegations are sufficient to meet the common law requirements related to the asserted foreclosure action.

However, Plaintiff has not shown compliance with all of the Article 13 requirements. Although it has shown compliance with Sections 1303, 1304, 1306, and 1331 (*see* Dkt. No. 1, Attach. 5; Dkt. No. 3; Dkt. No. 21, Attach. 14), it has not shown compliance with Section 1302(1)(b). Specifically, Plaintiff's Complaint alleges as is relevant that "[p]ursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and

Section 6-1 of the Banking Law and RPAPL § 1304, except where it is exempt from doing so." (Dkt. No. 1, at ¶ 15.) However, as discussed above, Section 1302(1)(b) requires a plaintiff to affirmatively allege that it complied with not only the relevant banking law, but also "any rules and regulations promulgated thereunder." N.Y. Real Prop. Acts L. § 1302(1)(b). Failure to include the language related to "and any rules and regulations promulgated thereunder" has been found to be a basis for denying a motion for default judgment on a foreclosure action. *See, e.g., PHH Mortgage Corp. v. Woodmansee*, 24-CV-1424, 2026 WL 2491416, at *4 (N.D.N.Y. Aug. 25, 2026) (Sannes, C.J.); *Wilson*, 2026 WL 1694482, at *3; *Deutsche Bank Nat'l Trust Co, as Trustee for GSAA Home Equity Trust 2007-5, Asset Backed Certificates, Series 2007-5 v. Shewtahal*, 24-CV-7892, 2025 WL 2402824, at *4 (E.D.N.Y. Aug. 19, 2025); *Nationstar Mortgage LLC v. Bernstein*, 23-CV-0861, 2025 WL 624949, at *5 (N.D.N.Y. Feb. 26, 2025) (Sannes, C.J.); *Scherer*, 2025 WL 625150, at *4 (N.D.N.Y. Feb. 26, 2025); *Brown v. Amarante*, 23-CV-3514, 2024 WL 4716364, at *10 (S.D.N.Y. Nov. 8, 2024); *Wilmington Savings Fund Society, FSB as Trustee of Aspen Holdings Trust v. Bernash*, 23-CV-0485, 2024 WL 1285431, at *10 (N.D.N.Y. Mar. 26, 2024) (Nardacci, J.); *Wilmington Savings Fund Society, FSB as trustee of Aspen Holdings Trust v. Fernandez*, 712 F. Supp. 3d 324, 334 (E.D.N.Y. 2024).

There is also no indication of compliance with Section 1320. (Dkt. No. 2.) The Summons on the docket does not indicate that the required Section 1320 notice was appended to it, and the affidavit of service states only that Defendant Leon was served with the Complaint, Summons, and the "Homeowners Foreclosure Notice as required by RPAPL 1303." (Dkt. Nos. 2, 3.) Nor does any of the other submitted evidence document service of the Section 1320 notice

along with the Summons and Complaint. This also constitutes a basis for denying the motion for default judgment.

Because Plaintiff has not shown that it has complied with all of the relevant requirements of Article 13 of the RPAPL, its motion for default judgment must be denied, though that denial is without prejudice to renewal upon curing the above-identified deficiencies.

**B. Damages**

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Sec. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 [2d Cir. 1997]). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55[b][2]). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6 (E.D. NY. Sept. 23, 2011).

In this case, the note and mortgage provide that, in the event of a default, Plaintiff has the right to recover unpaid principal and interest as well as costs and expenses incurred in enforcing the note and mortgage, including attorney's fees. (*See* Dkt. No. 1, Attach. 2, at 3 ["If the Note

Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."]; Dkt. No. 1, Attach. 3, at 17 ["In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured."].)

**1. Unpaid Principal and Interest on the Mortgage and Note**

Plaintiff seeks the following related to sums due pursuant to the mortgage and note: (a) $73.902.13 in unpaid principal; (b) $4,307.58 in accrued interest from November 1, 2024, to October 21, 2025 (calculated at an annual rate of 6.00% or $12.15 per diem); (c) $4,728.06 in escrow advance; (d) $72.96 in late charges; and (e) costs for property inspection in the amount of $90.00 and for title search expenses in the amount of $325.00. (Dkt. No. 21, Attach. 5, at 6-7.) When subject to a decrease for an asserted "suspense balance" of $501.77, the total asserted damages related to the mortgage and note is $82,923.96 through the date of October 21, 2025.

In support of these amounts, Plaintiff has submitted a declaration from Claribel Lopez, a Vice President for PHH Mortgage Corporation, as well as business records documenting payments, principal, interest, charges, and escrow management. (Dkt. No. 21, Attach. 5; Dkt. No. 21, Attach. 21.) The Court finds the relevant damages related to the note and mortgage to have been established with sufficiently reasonable certainty.

**2. Attorney's Fees**

Plaintiff seeks a flat fee of $6,800.00 for attorney's fees. In a declaration, Plaintiff's attorney states that the amount of time spent on this matter is approximately 25.5 hours. (Dkt. No. 21, Attach. 20.) Because these amounts are documented by time records and are reasonable for work performed by an attorney with the experience outlined in the declaration, the Court finds that these damages have been established with sufficiently reasonable certainty.

**3. Costs and Disbursements**

Plaintiff seeks costs in the amount of $850.00, consisting of (a) $405.00 for the filing fee for this action, (b) $35.00 for the filing fee for the Notice of Pendency, (c) $115.00 for service of process, and (d) $295.00 for a title search. (Dkt. No. 21, Attach. 18.) All of these costs are supported by a Bill of Costs signed by Plaintiff's attorney as well as submitted invoices or other documentation. (*Id.*) As a result, the Court finds that these damages have been established with sufficiently reasonable certainty.

**A. Conclusion**

Because the Court finds Plaintiff has failed to comply with all the requirements of Article 13 of the RPAPL, specifically with Section 1302(1)(b) and Section 1320, it must deny Plaintiff's motion for default judgment. However, because these deficiencies are presumably correctable, that denial is without prejudice to renewal of the motion upon amendment of the Complaint to include allegations sufficient to show compliance with Section 1302(1)(b) and proper service of the Section 1320 notice.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 21) is **DENIED without prejudice**; and it is further

**ORDERED** that, to the extent Plaintiff seeks to renew its motion for default judgment, it must file a renewed motion and amended complaint within **THIRTY (30) DAYS** of the date of this Decision and Order, and, if it cannot produce proof that it served the required Section 1320 notice along with the original summons, it is directed to re-serve the summons and complaint on Defendant Leon accompanied by that notice; and it is further

**ORDERED** that the Clerk of Court is directed to reissue the summons to enable Plaintiff to re-serve the summons and complaint in accordance with the above Order; and it is further

**ORDERED** that the Clerk of Court terminate the John Doe Defendants.

Date: September 28, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge